UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERBIE C. PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-990-SEB-TAB |
| | ) | |
| INDIANA NATIONAL GUARD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AS TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING SAME**

This cause is before the Court on the Objections to Magistrate Judge's Report and Recommendations [Docket No. 41] filed on February 8, 2010, by Plaintiff, Erbie Price. Mr. Price objects to Magistrate Judge Tim Baker's January 20, 2010 Report and Recommendation ("Report") recommending that the Court grant Defendant's Motion for Summary Judgment as to Plaintiff's Title VII claims.[1]  The Court has reviewed and considered the pleadings and applicable briefs from the parties, the Magistrate Judge's Report and Recommendation [Docket No. 40] regarding Defendant's Motion for Summary Judgment [Docket No. 31], as well as Plaintiff's Objection to that Report and

---

[1] In addition to the claims brought pursuant to Title VII, Mr. Price also alleged violations of the Family Medical Leave Act ("FMLA") and the Indiana Civil Rights Act ("ICRA"). However, Mr. Price does not object to the Magistrate Judge's recommendation that summary judgment be granted on the FMLA and IRCA claims.  Accordingly, we hereby adopt the Report and GRANT Defendant's Motion for Summary Judgment on those claims.

Recommendation [Docket No. 41] and Defendant's response to the Objection [Docket No. 42]. We address each of Plaintiff's objections in turn.

## Objection # 1

The Report recommended summary judgment on Plaintiff's hostile work environment claim (Count I) because Plaintiff failed to exhaust his administrative remedies. Mr. Price's first objection is that, although he concedes that he did not include a hostile environment claim on his Indiana Civil Rights Commission ("ICRC")/Equal Employment Opportunity Commission ("EEOC") Charge(s), filed on January 19, 2006 and April 11, 2006, respectively, he did allege such a claim in subsequent correspondence to the ICRC, dated January 2, 2008, which was also copied to the EEOC.

However, Mr. Price failed to submit this correspondence at any point in the summary judgment proceedings and provides no explanation for such a lapse. He should not now, approximately four months after the motion for summary judgment became fully briefed and following the submission of the Magistrate Judge's Report, be allowed to supplement the record without justification for the delay. Moreover, even if we were to consider the correspondence, the late-breaking submission would have no affect on the analysis set forth in the Report. The correspondence was sent more than a year after the filing of an original charge and does not on its face demonstrate that it was ever sent to Defendant. Under controlling Seventh Circuit law, it is the information contained in the charge that is determinative. See Novitsky v. Am. Consulting Engineers, L.L.C., 196 F.3d 699, 702 (7th Cir. 1999) ("Only the charge is sent to the employer, and therefore

only the charge can affect the process of conciliation."). Here, Mr. Price concedes that his charge was inadequate. Therefore, this objection to the Magistrate Judge's report and recommendation in its entirety is overruled.

## Objection # 2

Mr. Price next objects on two grounds to the Magistrate Judge's recommendation that the Title VII retaliation claim (Count III) be dismissed for a failure to exhaust administrative remedies. First, he contends that, although not in the original ICRC/EEOC Charge itself, he did allege retaliation in the same correspondence to the ICRC and EEOC referenced above. For the same reasons set forth above, this argument is without merit.

In the alternative, Mr. Price contends that the Magistrate Judge erred in finding that his retaliation claim was not reasonably related to the matters set out in the ICRC/EEOC Charge simply because the word "retaliation" was not used on the form. The Report, however, does not so provide. The Magistrate Judge found that, in addition to the fact that the charge did not identify retaliation as a basis for the charge, it also did not describe any protected activity. Based on those facts, the Magistrate Judge recommended that the retaliation claim be dismissed. This determination is squarely in line with controlling Seventh Circuit precedent. See Peters v. Renaissance Hotel Operating Co., 307 F.3d 535, 550 (7th Cir. 2002) ("[Employee's] failure to mention any type of protected activity and his failure to identify retaliation as a basis for his charge preclude him from relying on the original charge of discrimination as a basis for his retaliation claim."). Accordingly, this objection in its entirety is also overruled.

**Objections # 3 and # 4**

Mr. Price's last two objections relate to his Title VII discrimination claim (Count II). Mr. Price challenges the Magistrate Judge's determination that his discriminatory discharge claim was not reasonably related to his discipline-based allegations. Mr. Price also objects to the Magistrate Judge's recommendation that summary judgment be granted on the discriminatory discipline claim because Mr. Price suffered no materially adverse employment action. After a careful review of the facts, we see no error in the Magistrate Judge's analysis on either of these issues. Thus, based on the grounds set forth in the Report as well as those in Defendant's brief in opposition to Plaintiff's objection, with which we concur and hereby adopt both as to cited authorities and related arguments, we overrule these two objections in their entirety.

**Conclusion**

For the above explicated reasons, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are hereby <u>OVERRULED</u> and Defendant's Motion for Summary Judgment is <u>GRANTED</u>.

IT IS SO ORDERED.

Date: _____03/25/2010_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Laura Lee Bowker
OFFICE OF THE INDIANA ATTORNEY GENERAL
laura.bowker@atg.in.gov

Thomas A. Sobecki
ATTORNEY AT LAW
tsobecki@tomsobecki.com

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov